CLERK'S COPY

FILED
AT ALBUQUERQUE NM

JUN 1 6 2000

ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DONNELL W. BUTLER,

    Plaintiff,

v.    No. CIV-00-0583 JC/LCS

DONALD DORSEY - WARDEN
TORRANCE COUNTY DETENTION FACILITY,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. Based on Plaintiff's financial information, the initial partial payment toward the required filing fee will be waived, and for the reasons below Plaintiff's complaint will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518,



1520-21 (10th Cir. 1992).

Plaintiff is one of a number of inmates transferred from the District of Columbia to the Torrance County, New Mexico, Detention Center. The complaint alleges that these inmates are subjected to a different set of classification guidelines than are other inmates. As a result, the transferred inmates are held in disciplinary segregation for disparately longer periods of time. Plaintiff also asserts that when his custody level was reduced from "high" to "medium," he no longer was subject to the more restrictive guidelines. Plaintiff claims application of these guidelines violates his rights under the Double Jeopardy, Equal Protection, and Cruel and Unusual Punishments Clauses. He seeks damages and injunctive relief.

Plaintiff's allegations do not support claims of constitutional violations. First, claims arising from prison disciplinary proceedings do not implicate the Double Jeopardy Clause. *Wojtkiewicz v. Gunter*, No. 92-1240, 1992 WL 313120, at * 2 (10th Cir. 1992). Furthermore, the complaint fails to state an equal protection claim because Defendant's scheme for classification of transferred prisoners is rationally related to legitimate government interests. *White v. Colorado*, 157 F.3d 1226, 1234 (10th Cir. 1998), *cert. denied*, 526 U.S. 1008 (1999); *May v. Oklahoma Dep't of Corrections*, No. 99-6267, 2000 WL 633244 (10th Cir. 2000) (citing *Vacco v. Quill*, 521 U.S. 793, 799 (1997) (a distinction rationally related to a legitimate end will be upheld unless it burdens a fundamental right or targets a suspect class). These claims will be dismissed.

Plaintiff's allegations likewise fail to support a claim under the Eighth Amendment. Plaintiff only complains of the fact that he was segregated, not that the length or conditions of segregation deprived him of "the minimal civilized measure of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). "[A]n Eighth Amendment

2

violation exists 'only when the alleged deprivation is "objectively, 'sufficiently serious,' " and the prison official acts with " 'deliberate indifference' to inmate health or safety." ' " *Penrod v. Zavaras*, 94 F.3d 1399, 1405-06 (10th Cir.1996) (internal citations omitted). Plaintiff's claim of cruel or unusual punishment will be dismissed.

IT IS THEREFORE ORDERED that the initial partial payment toward the required filing fee is WAIVED;

IT IS FURTHER ORDERED Plaintiff's complaint is DISMISSED, and a form of judgment will be entered in accordance with this opinion.

_____
UNITED STATES DISTRICT JUDGE